[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14831

Non-Argument Calendar

_____

SHACONDA PATTON,

Plaintiff-Appellant,

*versus*

PMTD RESTAURANTS, LLC,
d.b.a. KFC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:17-cv-00803-RDP

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Shaconda Patton, an African-American woman, filed a counseled lawsuit against her former employer, PMTD Restaurants, Inc., doing business as KFC, alleging that it had wrongfully demoted and suspended her and reduced her hours because of her race and in retaliation for complaining of race discrimination, in violation of Title VII and 42 U.S.C. § 1981. The district court denied summary judgment to KFC, and the case proceeded to trial.

At trial, Patton offered the testimony of several witnesses to support her claims of discrimination and retaliation. KFC, for its part, presented several witnesses who testified that its decisions were not motivated by race or retaliation. After Patton's presentation of her case and at the close of the evidence, the district court denied KFC's motions for judgment as a matter of law, finding sufficient evidence for a jury to return a verdict in Patton's favor.

Ultimately, the jury returned verdicts in favor of KFC, finding that Patton had not shown her race was a motivating factor for her suspension or demotion and that KFC did not take an adverse employment action because she engaged in protected activity. The court entered judgment for KFC, and this appeal followed.

On appeal, Patton, now proceeding *pro se*, largely restates arguments she presented in opposition to summary judgment. She contends that the evidence created genuine issues of material fact

regarding both discrimination and retaliation.  And she states that the jury did not take into account her evidence and instead "relied on the contradictory testimon[y]" from KFC's witnesses.

Patton's arguments do not show any error in the proceeding below.  The question at summary judgment, or when addressing a motion for judgment as a matter of law, is whether the case should be decided by a jury.  To make that determination, the court views the evidence in the light most favorable to the plaintiff and asks whether a reasonable jury could find in favor of the plaintiff.  *See, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).  Applying that standard here, the district court repeatedly found that there was enough evidence to submit the case to a jury.

But once a case goes to a jury, as it did here, the jury is free to make credibility determinations, weigh the evidence, and resolve disputed issues of fact, and we cannot second-guess those determinations on appeal.  *See id.* at 255; *see also United States v. Parrado*, 911 F.2d 1567, 1571 (11th Cir. 1990) ("Credibility determinations are the exclusive province of the jury.").  Patton does not argue that KFC's evidence was incredible as a matter of law.  *See, e.g.*, *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997).  And "[f]aced with conflicting credible evidence it was within the jury's province to resolve the conflict in favor of [the defendant]."

*Bauman v. Centex Corp.*, 611 F.2d 1115, 1119 (5th Cir. 1980).[1]  The mere fact that the jury resolved disputed facts against Patton does not show that any error occurred.  Accordingly, the district court properly entered judgment on the jury's verdict.

Because Patton fails to explain how the jury erred by relying on the testimony of defense witnesses or to demonstrate any other error at her trial, we affirm the judgment in favor of KFC.

**AFFIRMED.**

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).